UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-05170-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION |
| v. | |
| CALVIN MCCLEOUD, | |
| Defendant. | |

Before the Court is Defendant Calvin McCleoud's motion for early termination of probation. Dkt. 3. The Court has considered Mr. McCleoud's motion, the response from the United States (Dkt. 9), the memorandum from McCleoud's probation officer (Dkt. 8), and the underlying record of McCleoud's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3564(c) and § 3553(a) support McCleoud's continued supervision, the Court DENIES the motion.

## I.   BACKGROUND

On October 4, 2024, Mr. McCleoud was sentenced in the District of Oregon to three years' probation following a guilty plea to Felon in Possession of a Firearm. Dkt. 2-3. His term of probation is set to expire on October 3, 2027. Dkt. 8 at 1. Prior to sentencing, McCleoud was diagnosed with multiple myeloma, for which he continues treatment. Dkt. 3-2. The probation

ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION - 1

office has classified McCleoud as a moderate risk to reoffend and has identified his social network as an area of risk. McCleoud resides with and spends most of his time with his romantic partner, who was also investigated with McCleoud for the conduct that led to the search warrant that uncovered the firearm resulting in McCleoud's conviction.

While Mr. McCleoud has complied with the terms of his probation to date and completed mental health treatment, given the seriousness of the suspected conduct that led to the investigation of McCleoud and his partner, his criminal history, and a history of protection orders against McCleoud, the probation office believes he would benefit from ongoing supervision and does not endorse early termination. Dkt. 8. The United States agrees with probation. Dkt. 9.

## II.   DISCUSSION

Section 3564(c) provides that the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The Section 3553(a) factors a court must consider include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. McCleoud. In this case, the most significant factors are the seriousness of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, and the need to

ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION - 2

provide the defendant with medical care. The presentence report shows that McCleoud's sentence of probation took into account his significant health challenges. While he has provided a letter from his doctor that he remains under treatment for myeloma, there is no evidence in the record that the conditions of his supervision are unnecessarily burdensome or interfering with his treatment. While the Court commends McCleoud for compliance with the terms of his probation and his good conduct in the community, such as volunteering to wash school buses, the seriousness of his offense, criminal history, and the underlying investigation that led to the conviction show that the need to deter criminal conduct and protect the public supports continued supervision.

### III.    CONCLUSION

For these reasons, the Court DENIES Mr. McCleoud's motion for early termination of probation (Dkt. 3). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 15th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION - 3